IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| CLOUD9 ANALYTICS, INC. | § § | JURY TRIAL DEMANDED |
| Defendant | § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") file this Complaint for patent infringement against Defendant Cloud9 Analytics, Inc. ("Cloud9").

## PARTIES

1. Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

2. Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3. Defendant Cloud9 Analytics, Inc. is a Delaware corporation that has its principal place of business in Redwood City, California.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

7. Cloud9 makes and sells sales forecasting and pipeline management solutions, including the Cloud9 Pipeline Accelerator and the Cloud9 Intelligent Sales Forecasting software suites, to customers throughout the United Sates, including in this Judicial District.

8. As described more fully below, these products infringe multiple patents owned by Versata.

9. On December 21, 2004, the USPTO duly and legally issued United States Patent No. 6,834,282 ("the '282 Patent"), entitled "Logical And Constraint Based Browse Hierarchy With Propagation Features." Versata holds all right, title, and interest in and to the '282 Patent, including the right to sue and recover damages for infringement thereof. A true and correct copy of the '282 Patent is attached as **Exhibit A.**

10. On April 10, 2007, the USPTO duly and legally issued United States Patent No. 7,203,701 ("the '701 Patent"), entitled "System and method for an interface to provide visualization and navigation of a directed graph." Versata holds all right, title, and interest in and to the '701 Patent, including the right to sue and recover damages for infringement thereof. A true and correct copy of the '701 Patent is attached as **Exhibit B.**

11. Cloud9 makes, uses, licenses, sells, and offers for sale into the State of Delaware, in this judicial district, and elsewhere within the United States products that infringe the '282 and

'701 patents, including the Cloud9 Pipeline Accelerator and the Cloud9 Intelligent Sales Forecasting software suites.

## COUNT I: INFRINGEMENT OF THE '282 PATENT

12. Versata incorporates the foregoing paragraphs as if fully set forth here.

13. Cloud9 has been and is now directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '282 Patent in the State of Delaware, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, and offering for sale software products, including the Cloud9 Pipeline Accelerator and the Cloud9 Intelligent Sales Forecasting software suites, as well as related services.

14. Cloud9's infringement has caused, and is continuing to cause, injury to Versata.

15. Versata has been damaged by Cloud9's infringement of the '282 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Cloud9 is permanently enjoined from infringing the '282 Patent.

16. At least as early as its receipt of this Complaint, Cloud9 has had knowledge of the '282 Patent and written notice of the infringement.

## COUNT II: INFRINGEMENT OF THE '701 PATENT

17. Versata incorporates the foregoing paragraphs as if fully set forth here.

18. Cloud9 has been and is now directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '701 Patent in the State of Delaware, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, and offering for sale software products, including the

Cloud9 Pipeline Accelerator and the Cloud9 Intelligent Sales Forecasting software suites, as well as related services.

19. Cloud9's infringement has caused, and is continuing to cause, injury to Versata.

20. Versata has been damaged by Cloud9's infringement of the '701 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Cloud9 is permanently enjoined from infringing the '701 Patent.

21. At least as early as its receipt of this Complaint, Cloud9 has had knowledge of the '701 Patent and written notice of the infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Versata Software, Inc., Versata Development Group, Inc. pray for the following relief against Defendant Cloud9 Analytics, Inc.

A. A judgment in favor of Versata that Cloud9 has infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of Versata's '282 and '701 Patents;

B. A permanent injunction, enjoining Cloud9 along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of Versata's '282 and '701 Patents;

C. A judgment and order requiring Cloud9 to pay Versata damage for Cloud9's infringement of Versata's '282 and '701 Patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D.  A judgment and order finding Cloud9's infringement willful and awarding treble the amount of damages and losses sustained by Versata as a result of Cloud9's infringement under 35 U.S.C. § 284;

E.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Versata its reasonable attorneys' fees; and

F.  Such other and further relief in law or in equity to which Versata may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

ROSENTHAL MONHAIT & GODDESS, P.A.

Norman M. Monhait (Del. Bar No. 1040)
nmonhait@rmgglaw.com
Jessica Zeldin (Del. Bar No. 3558)
jzeldin@rmgglaw.com
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, Delaware 19801
(302) 656-4433
*Attorneys for Plaintiffs*

OF COUNSEL:

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
Steven J. Mitby
Demetrios Anaipakos
Amir Alavi
1221 McKinney Street, Suite 3460
Houston, Texas 77010
(713) 655-1101

July 19, 2012

5